**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4810**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

 v.

LISA MARIE CASEY, a/k/a Lisa Marie Adams, a/k/a Marie Galliher, a/k/a Lisa
Marie Graninger,

  Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at
Abingdon.  James P. Jones, District Judge.  (1:06-cr-00071-JPJ-1)

Submitted:  May 23, 2019                              Decided:  May 30, 2019

Before WILKINSON and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

W. Andrew Harding, Harrisonburg, Virginia, for Appellant.  Thomas T. Cullen, United
States Attorney, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lisa Marie Casey appeals the 24-month sentence imposed upon revocation of supervised release. Casey argues that her sentence is procedurally unreasonable because the district court did not sufficiently explain the sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). In doing so, we generally apply "the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Id.* (alteration and internal quotation marks omitted). Only when we conclude that the revocation sentence is procedurally or substantively unreasonable must we consider whether it is plainly so. *Id.* at 208.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *Id.* at 207 (footnote omitted).

We note that the district court sufficiently indicated that it considered Casey's arguments for continuation of supervised release without any period of incarceration. We

2

conclude that the district court's explanation of Casey's 24-month sentence, discussing Casey's criminal history and pattern of dishonesty, and the need for deterrence and protection of the public, was adequate.

We affirm Casey's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*